# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CIVIL ACTION NO. 3:16-05731
                                                   CRIMINAL ACTION NO. 3:94-00048

ROBERT DALE SHEPARD

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Movant Robert Dale Shepard's Objections to the Proposed Findings and Recommendation ("PF&R") issued on February 18, 2020 by Magistrate Judge Omar J. Aboulhosn. *Objections*, ECF No. 177; *PF&R*, ECF No. 176. For the reasons set forth below, the Court **REINSTATES** this case to its active docket, **DENIES** Movant's Objections, and **ADOPTS AND INCORPORATES HEREIN** the PF&R. Consistent with these decisions, the Court **DENIES** Movant's Second Motion to Vacate, Set Aside, or Correct Sentence, his *pro se* Motion to Vacate, Set Aside, or Correct Sentence, and his Corrected Motion to Vacate, Set Aside, or Correct Sentence. *Second Mot. to Vacate*, ECF No. 152; *Pro Se Mot. to Vacate.*, ECF No. 157; *Corrected Mot. to Vacate*, ECF No. 165. Finally, the Court **ORDERS** this case stricken from its docket.

## I. BACKGROUND

The factual setting of this case is more fully discussed in Magistrate Judge Aboulhosn's PF&R, but certain essential details are repeated here for the sake of completeness. On May 11, 1995, Movant pleaded guilty to one count of forcibly breaking into a post office with the intent to commit larceny (in violation of 18 U.S.C. § 2115), two counts of robbery involving controlled substances belonging to and in the care of a pharmacy (in violation of 18 U.S.C. §§ 2118(a) and

(c)(1)), one count of using a firearm in a crime of violence (in violation of 18 U.S.C. § 924(c)(1)), two counts of being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)), and one count of escape (in violation of 18 U.S.C. § 751(a)). *Hr'g Tr.*, ECF No. 117, at 2–4. This conduct earned him a base offense level of 33, which increased to 34 pursuant to the career offender guideline found at § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). *Id.* at 16. On July 10, 1995, the Court sentenced Movant to a 360-month term of imprisonment, a three-year term of supervised release, restitution in the amount of $14,733.84, and $350 in special assessments. *Id.* at 17–25.

Movant filed a notice of appeal eight days later, and argued that the Court did not adequately consider his financial status and ability to pay an order of restitution. *Notice of Appeal*, ECF No. 112. On May 24, 1996 the Fourth Circuit Court of Appeals affirmed the Court's judgment. *Judgment*, ECF No. 122. Over a year later—on August 27, 1997—Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See Mot. to Vacate*, ECF No. 126. Proceeding *pro se*, Movant claimed that his guilty plea had been unknowing and involuntary. *PF&R*, at 2–3. On October 15, 1999, Magistrate Judge Maurice G. Taylor recommended that Movant's motion be denied as untimely. *Id.* at 3. The Court adopted Magistrate Judge Taylor's recommendation and denied Movant's motion. *Id.* After filing another appeal, the Fourth Circuit Court of Appeals denied a Certificate of Appealability and dismissed his appeal. *Judgment*, ECF No. 147.

Sixteen years later, Movant filed a Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Second Mot. to Vacate*, at 1. The Court had earlier appointed counsel to represent Movant and determine if he qualified for relief under *Johnson*. *Order*, ECF

No. 150. Movant argued that he was no longer a career offender because his predicate West Virginia convictions for involuntary manslaughter and breaking and entering were no longer "crimes of violence." *Second Mot. to Vacate*, at 1. On July 15, 2016, the Fourth Circuit Court of Appeals granted Movant's motion to file a successive motion. *Order*, ECF No. 160. On June 27, 2016, Movant filed his own *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *Pro Se Mot. to Vacate*, at 1. Movant argued that he was no longer a career offender because his prior convictions for voluntary manslaughter and robbery were no longer "crimes of violence," and that his firearm conviction under Section 924(c) was similarly not a crime a violence because it was predicated upon his conviction for armed pharmacy robbery. *Id.* at 6–12. Finally, on August 1, 2016, Movant—again by counsel—filed a Corrected Motion Concerning Relief Under 28 U.S.C. § 2255. *Corrected Mot. to Vacate*, at 1. Counsel pointed out his own error in arguing that Movant's prior conviction was for involuntary manslaughter; as Movant's *pro se* motion correctly indicated, his conviction was for voluntary manslaughter. *Id.* Nevertheless, he reiterated his argument that neither voluntary manslaughter nor breaking and entering constitute crimes of violence in a post-*Johnson* world. *Id.* at 1–4.

After allowing the parties to fully brief the relevant issues, Magistrate Judge Aboulhosn stayed Movant's case pending the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *Order*, ECF No. 175. He issued his PF&R on February 18, 2020, recommending that the Court order the case returned to its active docket and deny Movant's motion as untimely. *PF&R*, at 11. He also rejected Movant's *pro se* argument that his conviction for armed pharmacy robbery did not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3). *Id.* at 16. Movant, by counsel, timely filed his Objections to Magistrate Judge Aboulhosn's PF&R on March 3, 2020. *See Objections*, ECF No. 177. Before turning to a

consideration of these Objections, the Court will undertake a brief review of the law that will govern its analysis.

## II. STANDARD OF REVIEW

When reviewing objections to a PF&R, the Court is tasked with conducting a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). It follows that the Court is not obligated to conduct a review of factual and legal conclusions to which a party fails to object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must point out specific errors in a given PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Of course, the Court still possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Movant's pending Objections.

## III. DISCUSSION

Movant's Objections focus specifically on Magistrate Judge Aboulhosn's conclusion that his challenge was untimely.[1] *See Objections*, at 1. At bottom, his argument is still that voluntary manslaughter and breaking and entering are not "crimes of violence sufficient to impose career

---

[1] Notably, Movant does not object to the PF&R's treatment of his argument that armed pharmacy robbery is not a "crime of violence" within the meaning of the force clause of 18 U.S.C. § 924(c)(3), and so the Court will not afford *de novo* review to this component of Magistrate Judge Aboulhosn's proposed findings. *See Thomas*, 474 U.S. at 150.

-4-

offender status." *Id.* As explained below, the Court agrees with Magistrate Judge Aboulhosn and adopts much of his analysis.

Under 28 U.S.C. § 2255(f), a one-year statute of limitations applies to motions filed to vacate, set aside, or correct a defendant's sentence. Normally, this clock begins running on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). An exception applies narrowly where, *inter alia*, a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It follows that "[a]n applicant has one year from the date on which the right he asserts was initially recognized by" the Supreme Court to file a motion to vacate, set aside, or correct his sentence. *Dodd v. United States*, 545 U.S. 363, 358 (2005).

In *Johnson v. United States*, 135 S. Ct. at 2557, the United States Supreme Court reasoned that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague in violation of the Constitution's guarantee of due process. The clause defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The clause is materially identical to the definition of "crime of violence" found in § 4B1.2(1) of the Guidelines active at the time of Movant's sentencing—specifically, that the term includes "any offense under federal or state law punishable by imprisonment for a term exceeding one year that . . . involves conduct that presents a serious potential risk of physical injury to another." This definition applied to the career offender guideline found at § 4B1.1, which provided that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the

defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Despite this congruence, the United States Supreme Court has since reasoned that the vagueness analysis applied in *Johnson* does not extend to the advisory Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Of course, Movant was not sentenced under the now-advisory Guidelines; instead, he was sentenced at a point in time when the Guidelines were binding upon district courts. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Naturally enough, then, Defendant argues that the reasoning outlined in *Johnson* should apply to mandatory Guidelines as it does to ACCA.

The Court is not unsympathetic to this argument. *Johnson* is grounded in the notion that increasing a defendant's sentence pursuant to unconstitutionally vague statutory language denies him due process of law, and so there exists a compelling argument that a career offender provision that does the same is similarly unconstitutional. Yet this argument is foreclosed by the fact that "the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017). Like the Fourth Circuit Court of Appeals, the Court "must wait for the Supreme Court to recognize the right" to consider the merits of a *Johnson* void-for-vagueness challenge in circumstances like these.[2] *Id.* at 303. As the Supreme Court has not yet recognized the right Movant seeks to vindicate, his motion is untimely and must be denied as such.

### IV. CONCLUSION

Consistent with the foregoing reasoning, the Court **REINSTATES** this case to its active docket, **DENIES** Movant's Objections, ECF No. 177, and **ADOPTS AND INCORPORATES**

---

[2] This is particularly true given the "narrow lens that § 2255(f) affords this court on collateral review." *Brown*, 868 F.3d at 304.

**HEREIN** the PF&R, ECF No. 176. It follows that the Court **DENIES** Movant's Second Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 152, his *pro se* Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 157, and his Corrected Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 165. As a final matter, the Court **ORDERS** this case stricken from its docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, as well as to any unrepresented parties.

ENTER: April 8, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE